IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 79538-4-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| DARRELL JON COBB, | ) | |
| | ) | |
| Appellant. | ) | FILED: February 18, 2020 |
| | ) | |

PER CURIAM — Darrell Jon Cobb appeals the supervision fees, accrued
interest on non-restitution financial obligations, and collection costs imposed as
part of his sentence for unlawful possession of a controlled substance. Cobb
contends, and the State concedes, that the supervision fees are discretionary
and should be stricken because they were imposed despite Cobb's indigency
and were "likely inadvertently ordered." The State further concedes that the
accrued interest on non-restitution financial obligations must be stricken under
RCW 10.82.090(2) (a) ("The court shall waive all interest on the portions of the
legal financial obligations that are not restitution that accrued prior to June 7,
2018"). We accept the State's concessions.

Cobb also argues for the first time on appeal that the sentencing court
erred in imposing collection costs under RCW 36.18.190. Cobb's judgment and

sentence requires him to "pay the cost of services to collect unpaid legal financial obligations, which include monitoring fees for a monthly time payment plan and/or collection agency fees if the account becomes delinquent." Because imposition of this cost is discretionary,[1] and because Cobb is indigent,[2] he contends collection costs are a prohibited "cost" under RCW 10.01.160(3) and contrary to State v. Ramirez, 191 Wn.2d 732, 738, 426 P.3d 714 (2018).[3]

The State argues that Cobb's collection costs are not properly before this court because Cobb did not object to them below and because the issue is not ripe since the costs may never be imposed. But in the wake of State v. Blazina, 182 Wn.2d 827, 832,344 P.3d 680 (2015), our "appellate courts have heeded its message and regularly exercise their discretion to reach the merits of unpreserved LFO arguments." State v. Glover, 4 Wn.App. 2d 690, 693, 423 P.3d 290 (2018). And Blazina rejected a ripeness argument similar to Cobb's, holding that a trial court's entry of an LFO order under RCW 10.01.160 satisfied all the

---

[1] Under RCW 36.18.190, "[t]he superior court *may*, at sentencing or at any time within ten years, assess as court costs the moneys paid for remuneration for services or charges paid to collection agencies or for collection services." (Emphasis added). See State v. Clark, 191 Wn. App. 369, 374, 362 P.3d 309 (2015) (financial collection costs are discretionary financial obligations).

[2] In 2018, the Legislature amended RCW 10.01.160(3) to prohibit the imposition of discretionary costs on indigent defendants: "The court shall not order a defendant to pay costs if the defendant at the time of sentencing is indigent as defined in RCW 10.101.010(3)(a) through (c)." State v. Ramirez, 191 Wn.2d 732, 748, 426 P.3d 714 (2018) (courts may not impose discretionary costs on indigent defendants). Here, the sentencing court recognized Cobb's indigence when it suspended court costs and the crime lab fee and allowed Cobb to pursue his appeal at public expense. The State does not challenge the finding of indigence.

[3] The Ramirez court emphasized that while legal financial obligations are sometimes discretionary, if a defendant meets the criteria for indigency "'courts should seriously question that person's ability to pay LFOs.'" Ramirez, 191 Wn.2d at 742-43 (quoting State v. Blazina, 182 Wn.2d 827, 839, 344 P.3d 680 (2015).

conditions for ripeness. <u>Blazina</u>, 182 Wn.2d at 832 n.1. Furthermore, it appears from the judgment and sentence that the "monitoring fees for a monthly time payment plan" are highly likely to accrue since the court ordered Cobb "to enter into a monthly payment plan . . . immediately after sentencing."

Last, the State contends collection costs are not a "cost" under RCW 10.01.160(2),[4] which limits costs "to expenses specially incurred by the state in prosecuting the defendant or in administering the deferred prosecution program . . . or pretrial supervision," and therefore RCW 10.01.160(3) does not prohibit imposition of collection costs on an indigent defendant.

The State reads RCW 10.01.160(2) too narrowly. <u>See</u> <u>State v. VanWyck</u>, No. 78316-5-I, slip op. at 12, 2019 WL 5955005 (Wash. Ct. App. Nov. 12, 2019) (unpublished), http://www.courts.wa.gov/opinions/pdf/783165.pdf, (in rejecting argument that domestic violence penalty was not an expense incurred in prosecuting the defendant and therefore was not a "cost" under RCW 10.01.160(2), court declined "to take such a narrow view of the term 'costs.'"). And regardless of how "costs" are defined, we conclude that imposition of these discretionary costs on an indigent defendant is an abuse of discretion.[5]

---

[5] We review imposition of discretionary LFOs for abuse of discretion. <u>Ramirez</u>, 191 Wn.2d at 741-42; <u>Clark</u>, 191 Wn.App. at 372.

We remand with instructions to strike the supervision fees, accrued interest on non-restitution financial obligations, and collection costs from the judgment and sentence.

FOR THE COURT: